**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **CRIM. ACT. NO. 1:24-cr-112-TFM** |
| | ) | **CRIM. ACT. NO. 1:24-cr-113-TFM** |
| **ECHANDZA DIANCA MAXIE aka CHAN** | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the *Defendant's Motion to Appeal Revocation of Release* (Doc. 163 in 1:24-cr-112, Doc. 109 in 1:24-cr-113, filed 9/16/24). Defendant Echandza Dianca Maxie appeals the Magistrate Judge's Order of Detention Pending Trial (Doc. 163 in 1:24-cr-112, Doc. 109 in 1:24-cr-113, filed 9/16/24). The United States timely filed its response (Doc. 169 in 1:24-cr-112, Doc. 114 in 1:24-cr-113). This omnibus order addresses both cases, but for the purposes of the record, the Court will primarily refer to case citations in the first case, Crim. Act. No. 1:24-cr-112 unless otherwise specified. For the reasons stated below, the Defendant's motion is **DENIED** and the Magistrate Judge's order revoking conditions of release is **AFFIRMED**. Defendant shall remain in custody pursuant to the Order of Detention (Doc. 166 in 1:24-cr-112, Doc. 112 in 1:24-cr-113).

## I. BACKGROUND

On June 27, 2024, the grand jury returned two indictments involving Defendant Echandza Dianca Maxie ("Defendant" or "Maxie").[1] The first indictment, Crim. Act. No. 1:24-cr-112 (Case

[1] There is another Maxie in Crim. Act. No. 1:24-cr-113 – specifically Edeszann Dailene Maxie. However, as this order has no bearing on her case and solely relates to Echandza Dianca, the Court need not distinguish between the two here. Additionally, there is now a Superseding Indictment in 1:24-cr-112 (Doc. 170) which adds Exavieria Deagnes Maxie (previously referred to as E.D.M. in the indictment, motions, and orders relating to this detention/release issue). The Court notes

1), has twelve substantive counts against Maxie and seven co-defendants. *See* Case 1, Doc. 7. The counts involving Maxie include Counts Two, Eleven and Twelve. *Id*. Specifically, these counts involve allegations of drug conspiracy to possess with intent to distribute more than 5 kg of cocaine in violation of 21 U.S.C. § 846 (Count 2), tampering with evidence in violation of 18 U.S.C. § 1512(c)(1), and disposal of a firearm to a prohibited person (felon) in violation of 18 U.S.C. § 922(d)(1). *Id*.

The second indictment, Crim. Act. No. 1:24-cr-113 (Case 2), has thirty-four counts against Maxie and four co-defendants. *See* Case 2, Doc. 1. The counts involving Maxie are Counts One through Twenty-One. Specifically, these counts involve allegations of conspiracy to commit fraud in violation of 18 U.S.C. § 1349, wire fraud in violation of 18 U.S.C. § 1343, money laundering conspiracy in violation of 18 U.S.C § 1956(h), aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1), and conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349.

Maxie was arrested on July 30, 2024 and the Magistrate Judge held an initial appearance and arraignment on the same date. The United States moved to detain her. The pretrial services report recommended release. *See* Doc. 94. On July 31, 2024, the Magistrate Judge held a detention hearing of which there was both an audio recording and a transcript made. *See* Docs. 100, 101, 108. On August 2, 2024, the Magistrate Judge issued her oral ruling denying the motion to detain and issuing conditions of release. The Magistrate Judge determined that Maxie had rebutted the statutory presumption of detention and concluded that there were conditions of release that sufficed. Specifically, the Magistrate Judge determined that appropriate conditions would be (1) home detention, (2) location monitoring, (3) a no contact order with any co-defendants to include

---

that all three Maxie women use the same three initials. However, the Court will now refer to each by their full name except in this order, when the Court states Maxie alone, it refers exclusively to Echandza Dianca Maxie because this order pertains to her.

her husband and sister, Exavieria Deagnes Maxie, (4) the surrender of Maxie's passport, (5) a restriction on performing any tax-related matters and opening any new lines of credit, and (6) the standard conditions of release to include reporting to the Probation Office and reporting any contacts with law enforcement. The United States request a stay of the release order pending an appeal to the undersigned pursuant to 18 U.S.C. § 3145(a)(1) which was granted. The United States appealed the release order which the Court denied after a *de novo* review. *See* Docs. 120, 125.

A few days later, on August 11, 2024, Maxie filed a motion to amend conditions of release. *See* Doc. 124. She requested the Court remove the home incarceration and location monitoring. *Id*. The Court held a scheduling conference in this case on August 12, 2024. Maxie, despite being directed to attend was over 45 minutes late. The Court also had been advised that Maxie had been late to her meeting with Probation a few days earlier. The Court addressed both the motion to modify conditions or release and the current issues regarding tardiness.

First, the Court gave Defendant a warning to indicate that the prior decision on whether to release or detain was a close question as to whether to let her out on conditions; but that the Court still decided that the Magistrate Judge's release order was ultimately correct. However, that the Defendant would not receive any more grace, and this would be the only warning about abiding by all the conditions. Next the Magistrate Judge took up the motion to modify the conditions of release which was orally denied. Defense counsel then brought up an additional request to modify the conditions of release regarding the no contact order between Defendant and her then-unindicted sister, Exavieria Deagnes Maxie (E.D.) who was identified as a witness in the case. The Court also denied that request. This all occurred at the scheduling conference on August 12, 2024.

A mere fifteen (15) days later, the United States filed its motion for revocation of

supervised release. Doc. 150 in Case 1, Doc. 92 in Case 2. The basis for the request was that Maxie had repeatedly violated the Court's no contact order as it related to her husband (Defendant Glennie Antonio McGee and her sister Echandza Dianca Maxie.

## II. STANDARD OF REVIEW

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-3150, governs the release or detention of a defendant pending trial. "Section 3142(e) accords the judicial officer substantial latitude in determining whether pretrial detention is appropriate." *United States v. King*, 849 F.2d 485, 487 (11th Cir. 1988). A finding that a defendant poses a flight risk or is a danger to another person or the community requires his detention pending trial. 18 U.S.C. § 3142(e)(1).

"If a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly." 18 U.S.C. § 3145(b). A district court considering appeals under the Bail Reform Act must conduct an independent review to determine whether the magistrate judge properly found that pretrial detention is necessary or release is appropriate. *See United States v. King*, 849 F. 2d 485, 490 (11th Cir. 1988); *United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir. 1987); *United States v. Hurtado*, 779 F.2d 1467, 1480-81 (11th Cir. 1985).

The Court notes this is a revocation of conditions of release, but the standard that applied to the original detention request and appeal still applies here, but with the newly developed facts.

## III. DECISION AND ANALYSIS

The undersigned independently examined the proceedings before the Magistrate Judge.

The Court considered the written submission of counsel, the exhibits submitted, the audio recording of the revocation of conditions hearing (re-opened detention hearing) proceeding before the Magistrate Judge, the audio recording of the Magistrate Judge's oral ruling on conditions of release and reasonings, the arguments made by counsel, and the written order of detention (Doc. 166)

Having conducted this *de novo* review, the Court also finds that the factors enumerated in 18 U.S.C. § 3142(g) support the Magistrate Judge's finding that the Defendant should be detained. The Court reevaluated the factors under § 3142(g) independently and reaches the same conclusion. While the Court evaluated all the factors, of particular note here are § 3142(g)(3)-(4).

§ 3142(g)(3) requires the Court to consider "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." Maxie has been late to two separate court requirements. First, she was late to the meeting with probation/pretrial services immediately after she was released on conditions. One of those conditions was to comply with the requirements of her supervising officer with the probation office. While Defendant notes that her car key broke off, she still failed to make arrangements to timely arrive at probation. Next, Defendant also arrived 45 minutes late for the scheduling conference before the undersigned and the Magistrate Judge. The Court explicitly warned Defendant that detention in this case was a close call and that her two tardies were noted. While she again provided an excuse, the Court warned Maxie that she would receive no additional grace regarding her conditions of release. Yet, even knowing this Maxie chose to violate the no-contact order and only after the violation was brought to the Court's attention attempted to argue that the no-contact order was inappropriate. At this stage, the Court

finds that Defense counsel's attempt to reframe the issue are creative but are wasted on a client that clearly refuses to obey the Court's orders. It is clear from reviewing those numerous violations by Maxie in violating the no contact order that Defendant never had any intention to follow the Court's orders and even discusses the no contact order while violating it. Defendant had been made aware that she needed to follow the Court's requirements to the letter, but instead chose to flagrantly disregard the conditions of release and tried to camouflage her actions. This reviews that her character is such that she will not respect the Court's authority on this case and its directive not to speak to any co-defendant – regardless of their relationship.

Next, § 3142(g)(4) which states "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." While the Court had previously found that there were conditions that could address the concerns about the safety of the community. However, when presented with those conditions, Maxie chose to disregard them which then means that the Court can no longer find that there are conditions which would ensure the safety of the community especially in light of the evidence presented on evidence tampering.

The Court adopts in full the Magistrate Judge's Order of Detention Pending Trial (Doc. 166) as its own as well as the findings made by the Magistrate Judge orally at the September 5, 2024 hearing.

Moreover, to the extent Defendant attempts to argue that a no-contact order is impermissible under *Loving v. Virginia*, 388 U.S. 1 (1967), the Court finds that the United States' response (Doc 169) is on point and adopts the reasoning as its own.

## IV. Conclusion

The Court finds that the Government has carried in its burden to establish by clear and convincing evidence that no condition or combination of conditions will reasonably assure the

safety of any other person and the community ad by a preponderance of the evidence that Maxie is a flight risk. The Court had previously imposed stringent conditions to allow Defendant to remain on conditions of release and Maxie blatantly and flagrantly violated those conditions even acknowledging the condition while she did so.

For the foregoing reasons and those reasons articulated by the Magistrate Judge, it is **ORDERED** that the *Defendant's Motion to Appeal Revocation of Release* (Doc. 163 in 1:24-cr-112, Doc. 109 in 1:24-cr-113, filed 9/16/24) under 18 U.S.C. § 3145(b) to appeal the revocation of release and detention order is **DENIED** and the Magistrate Judge's order is **AFFIRMED**.

Defendant Echandza Dianca Maxie shall remain in custody pursuant to the September 12, 2024 Order of Detention Pending Trial (Doc. 166).

**DONE** and **ORDERED** this 1st day of October, 2024.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE