IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIM. ACT. NO. 1:24-cr-112-TFM |
| | ) |
| ECHANDZA MAXIE | ) |
| EXAVIERIA MAXIE | ) |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court were the motions to sever filed by Defendants Echandza Maxie and Exavieria Maxie. *See* Docs. 499, 547. The Court ruled initially on the motions in short form (Doc. 504) and oral order (Doc. 726). The Court indicated a more detailed written opinion would follow. This is that order.

**I.    MISJOINDER AND SEVERANCE**

Defendant Exavieria Maxie ("Exavieria")[1] filed a motion to sever under Fed. R. Crim. P. 14(a). *See* Doc. 499. The motion was filed after an initial joint trial (starting on June 9, 2025 and resulting in a mistrial). Exavieria argues prejudicial joinder asserting that she was not charged with narcotics-related offenses and that her charges were of significantly lesser culpability than the other defendants. That would put her at risk of being convicted not based on her own conduct, "but because of her association with co-defendants facing far more serious and inflammatory charges." *Id*. at 2. Exavieria argues that the complexity of the trial and significant evidence against the co-defendants runs the risk of jury confusion as well as the fact allegations and evidence against the co-defendants have received media attention. *Id*. at 3. She argues that conduct is only alleged

---

[1] While the Court would normally utilize a defendant's last name to identify them in a written opinion or order. However, this case involves multiple members (sisters) of the same family who share the same last name. Therefore, the Court will use the first name to distinguish between the defendants.

against co-defendants and that it unfairly prejudices her without a severance. *Id*. at 4. Exavieria finally argues that it would streamline proceedings in that a separate shorter trial would conserve judicial time and reduce juror fatigue while eliminating risk of spillover. *Id*. The United States filed its response in opposition to Exavieria's motion to sever. *See* Doc. 503. The Court issued its short order, based on time constraints, and indicated the motion was denied. *See* Doc. 504.

Defendant Echandza Maxie ("Echandza") also filed her own motion for severance under Rule 14(a). Doc. 547. Echandza makes similar arguments that many of the facts and evidence adduced at the first trial resulting in the mistrial related to co-defendants – many of whom had pled guilty. She argues that this is unduly prejudicial. The Court held an initial hearing on July 16, 2025, but because the trial was significantly delayed, the Court refrained from ruling given that a new pretrial motions deadline was set. A further hearing was held on December 1, 2025 at which the Court orally ruled that the motion was denied.

Having reviewed the motions, response, oral arguments, and the applicable law, the Court finds that there has not been misjoinder and the joinder is not unduly prejudicial.

For the purposes of the issue, the Court must accept the Government's proffered factual summary as it ties directly to the Superseding Indictment and the Court cannot make factual determinations when deciding the pretrial motion. That said, with both of these motions, the Court did have the benefit of having seen a majority of the United States' case in chief prior to the declaration of a mistrial. This did not ultimately mean the Government would have been able to prove these facts beyond a reasonable doubt at trial nor that the jury will accept the Government's version. Rather, it is solely for the purpose of evaluating the appropriateness of a joint trial.

As both Defendants style their motions as brought under Fed. R. Crim. P. 14(a), the Court finds that Rule 8(b) is the launching point for charging multiple defendants in the same indictment.

In essence, such a challenge is a two-step inquiry: (1) whether joinder is proper under Rule 8(b) followed by (2) whether joinder would be prejudicial under Rule 14 of the Federal Rules of Criminal Procedure. *See, e.g., United States v. Weaver*, 905 F.2d 1466, 1476 (11th Cir. 1990) ("The question of whether initial joinder is proper under Rule 8(b) is to be determined before trial by examination by the trial court of the allegations stated on the face of the indictment. However, whether joinder is improper based upon evidence proffered before or adduced during trial is governed by Rule 14.").

> Rule 8(b) states:
>
> Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

FED. R. CRIM. P. 8(b). Rule 8 is designed to promote judicial economy and efficiency and is broadly construed in favor of joinder of defendants. *United States v. Lopez*, 649 F.3d 1222, 1233-34; *Weaver*, 905 F.2d at 1476. Thus, in the Eleventh Circuit "the rule about joint trials is that 'defendants who are indicted together are usually tried together.'" *Lopez*, 649 F.3d at 1234 (quoting *United States v. Browne*, 505 F.3d 1229, 1268 (11th Cir. 2007); remaining citations omitted). "That rule is even more pronounced in conspiracy cases where the refrain is that 'defendants charged with a common conspiracy should be tried together.'" *Id*. (quoting *United States v. Beale*, 921 F.2d 1412, 1428 (11th Cir. 1991)).

"To be sure, the rule about a joint trial in conspiracy cases is not quite ironclad." *Lopez*, 649 F.3d at 1234. However, "[t]he exceptional circumstances justifying a deviation from the rule, however, are few and far between." *Id*. This is where the Court would turn to Fed. R. Crim. P. 14(a). "A Rule 14 claim assumes that the initial joinder of the defendants was proper but

challenges their joint trial as unduly prejudicial." *United States v. Scrushy*, 237 F.R.D. 464, 466 (M.D. Ala. 2006) (citing *United States v. Bryan*, 843 F.2d 1339, 1342 (11th Cir. 1988)). Therefore, the proper order to challenge is first Rule 8 followed by Rule 14. Neither Defendant explicity raised a Rule 8 challenge in their written motion. Regardless, the Court will still look to Rule 8(b) before it turns to Rule 14.

"In order to meet the 'same series of acts or transactions' requirement of Rule 8(b), the 'government must demonstrate that the acts alleged are united by some substantial identity of facts and/or participants.'" *United States v. Wilson*, 894 F.2d 1245, 1253 (11th Cir. 1990) (quoting *United States v. Morales*, 868 F.2d 1562, 1567 (11th Cir. 1989)). Moreover, "[e]ach participant need not participate in all acts or even know the other participants' roles in the ventures." *United States v. Holloway*, 971 F.2d 675, 679 (11th Cir. 1992).

In the case at hand, the superseding indictment charges conspiracy to possess with intent to distribute cocaine which includes Echandza (Count Two), firearms trafficking conspiracy involving Echandza and Exavieria (Count Eleven), tampering with evidence involving Echandza and Exavieria (Count Twelve), disposal of a firearm to a prohibited person involving Echandza (but related to Exavieria) (Count Thirteen), and possession of a firearm by a prohibited person involving Exavieria (Count Fourteen). Defendants need not participate in all the various aspects of the conspiracy or even know all the different parts and pieces of the conspiracy to commit the alleged acts. Aa single defendant need not participate in all the various different drugs or even know <u>all</u> the drugs at issue allegedly possessed and distributed by co-defendants to satisfy the general Rule 8 rule. Rather, the Government must simply demonstrate that the conspiracy existed, and that Defendants played some role – whether in the beginning, middle, or end matters not. This is easily satisfied on the face of the superseding indictment.

Despite their contentions that the various charges are not interrelated, the Court cannot resolve that factual issue on a pretrial motion as it must accept the United States' factual assertions as true for the purposes of the pretrial stage of the proceedings. It is also not for the Court to weigh the evidence available against co-defendants versus Echandza and Exavieria. Issues of weight and fact remain the province of the jury. Therefore, the Court finds that the parties are not misjoined under Rule 8(b).

Accordingly, the Court turns to the second step in the analysis: whether joinder would be prejudicial under Rule 14. Rule 14(a) states: "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." FED. R. CRIM. P. 14(a). "When defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent a jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993); *United States v. Blankenship*, 382 F.3d 1110, 1123 (11th Cir. 2004) (quoting *Zafiro*); *see also United States v. Harris*, 828 F. App'x 611, 613 (11th Cir. 2020) (quoting *Blankenship*) ("The only two circumstances in which severance is the only permissible remedy are 'if there is a serious risk that a joint trial would [1] compromise a specific [constitutional] trial right of one of the defendants, or [2] prevent the jury from making a reliable judgment about guilt or innocence.'"). Further, "it is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Zafiro*, 506 U.S. at 540 (citations omitted); *see also Lopez*, 649 F.3d at 1234. "Anything that increases the likelihood of a conviction 'prejudices' the defendant in the ordinary sense of the word, but in

severance law 'prejudice' is not used in the ordinary sense of the word." *Lopez*, 649 F.3d at 1234. Aside from those two exceptions articulated in *Zafiro*, "most other defendants prejudiced by a joint trial are entitled only to curative instructions." *Blankenship*, 382 F.3d at 1123.

There are situations where a severance may be warranted due to "the sheer number of defendants and charges, the differing levels of culpability, and the massive amount of evidence make it nearly impossible for a jury to sort through the evidence and issues and reliably determine the guilt or innocence of each defendant on each charge." *Lopez*, 649 F.3d at 1235 (citing *Blankenship*, 382 F.3d at 1124). However, "[t]he bar for showing that kind of prejudice is so high that only in the rarest case can a defendant clear it." *Id*. (citations omitted); *see also United States v. Hernandez*, 921 F.2d 1569, 1580-81 (11th Cir. 1991) (collecting some of the more complex cases in which the Eleventh Circuit found that the district court did not abuse its discretion in denying severance).

In the case at hand, both defendants Exavieria Maxie and Echandza Maxie failed to carry that heavy burden to show that they would not only be prejudiced, but rather "specific and compelling prejudice." *United States v. Schlei*, 122 F.3d 944, 984 (11th Cir. 1997). Therefore, Defendants did not meet their respective burden and the motions under Rule 14 were denied.

## II.   CONCLUSION

The motions to sever filed by Defendants Echandza Maxie and Exavieria Maxie (Docs. 499, 547) were denied - orally and short order for the reasons then stated to include the hearing on December 1, 2025. This written opinion provides further details for the Court's reasoning.

**DONE** and **ORDERED** this 3rd day of March, 2026.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE